**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**LORD NOBLE,
a.k.a. R. ASANTI ALI,
a.k.a. REGINALD M. WOOTEN**                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 5:09-cv-123-DCB-MTP**

**BRUCE PEARSON**                                    **RESPONDENT**

MEMORANDUM OPINION AND ORDER

This matter is before the court, <u>sua</u> <u>sponte</u>, for dismissal.  The petitioner is presently

incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi and filed the instant

petition for habeas relief pursuant to 28 U.S.C. § 2241 on July 27, 2009.

I. Background

On July 2, 2004, in the United States District Court for the District of New Jersey,

petitioner was found guilty of conspiracy to produce and pass false and fictitious money orders

and guilty of multiple counts of passing, issuing or transmitting false and fictitious securities or

other instruments.  <u>U.S. v. Harris,</u> 271 Fed. App'x 188 (3rd Cir. 2008).  Petitioner was sentenced

to 151 months in the custody of the Bureau of Prisons.  The Court of Appeals for the Third

Circuit affirmed petitioner's conviction on March 31, 2008.  <u>Id</u>.

This court entered an order [12] on September 17, 2009, directing petitioner to file a

written response to specifically state, among other things, the grounds on which he was seeking

habeas relief.  On September 28, 2009, petitioner filed a response [13] wherein he listed the

grounds on which he was seeking habeas relief as follows:

1.  Respondent, Bruce M. Pearson, et al., herein "Debtors", are Bankrupt
Corporations; and, have been using the credit of The Petitioner, herein "Creditor",

since His Birth, January 26, 1970 A.D., without renumeration to Creditor.

2. Petitioner is the "Original Issuer" of the credit on the debt instrument commonly known and identified as Claim or Case No. 1:03-CR-0354(JBS), herein "Claim", in the UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, CAMDEN DIVISION, herein "DISTRICT OF NEW JERSEY".

3. The Original Issue for the Claim was accepted by DISTRICT OF NEW JERSEY and is filed on Internal Revenue Service form 1099-OID.

4. Creditor accepted for the Claim for the assessed value of the taxes owed.

5. Creditor Indorsed the Claim as payment in full for the Capitol Transfer tax on goods named "NOBLE R ASANTI ALI ©" AKA "REGINALD M. WOOTEN ©" in the Claim. See: the "Indorsement" at Docket No. 1, Schedule "2", incorporated herein by reference and made a part hereof as if fully reproduced.

6. The Accounting has been fully settled and closed on the Claim by way of Protest. See: a true and correct copy of the "Certificate of Protest(s)" at Docket No. 1, Schedule "2", incorporated herein by reference and made a part hereof as if fully reproduced.

7. Debtors are in receipt of the proper Internal Revenue Service forms 1040, 1040-V, 1099-OID, and 1099-A for the abandonment of the Tax in the Claim.

8. In light of the foregoing, Petitioner requested Debtors to amend Debtors' records and information to reflect the information reported to Debtors by Creditor under penalty of perjury.

9. Debtors have not amended Debtors' information and records as requested by Creditor, and have failed and or otherwise refused to file a Satisfaction of Judgment in the Claim.

10. Debtors have not delivered the listed property to Petitioner, closed the Claim and returned all property to Petitioner along with any interest accruing which remains after the deduction of any fees lawfully owed Debtors.

11. No controversy exists on the Claim in DISTRICT OF NEW JERSEY, and DISTRICT OF NEW JERSEY is deprived of subject matter jurisdiction by failing and or otherwise refusing to vacate Petitioner's aforesaid conviction(s) and sentence described in the paragraphs "B. Petitioner's Conviction" and "C. Petitioner's Sentence" hereinabove.

12. Despite all of the foregoing, Debtors continue and threaten to continue attempts

to incarcerate and imprison Petitioner and the accompanying physical body of Creditor by execution of Petitioner's aforesaid conviction(s) and sentence described hereinabove, that is, in fact, fully discharged as an operation of law.

13. As a direct and proximate result of Debtors' acts, razor sharp actions and omissions, acting in concert and direct participation with one another, known and unknown, Petitioner's custody and confinement, and restraint of life, personal liberty and property are unlawful, and in direct violation of the provisions of the federal United States Constitution; the United States Tax laws, Title 26 U.S.C.A., for tax fraud; House Joint Resolution 192 of March 9, 1933, Public Policy 73-10, 307 U.S. 251 and 252 and UCC 1-201(24); and, 28 U.S.C.A. Sections 552a et seq.."

Resp. [13], p. 3-4.

As relief petitioner requests that this court issue a temporary restraining order to suspend his sentence, that this court hold a hearing on the temporary restraining order and release petitioner pending final determination of the issues presented in this petition.

## II. Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

## A. Grounds 5, 6, 11, 12 and 13

In the instant case, giving petitioner's allegations liberal construction, it appears that his

3

habeas grounds numbered 5, 6, 11, 12 and 13, relate to a claim of actual innocence. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

(1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence"

---

[1] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

requirement, whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Id. at 903.

This court finds petitioner has failed to assert that § 2255 is an inadequate or ineffective means of attacking his current confinement. To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any support to satisfy this requirement. Petitioner is asserting that he is actually innocent and does not mention a new Supreme Court decision that would make his actions noncriminal. Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Therefore, the petitioner's claims do not meet the stringent requirements of the savings clause.

### B. Grounds 1, 2, 3, 4, 7, 8, 9 and 10

Further, petitioner's arguments numbered 1, 2, 3, 4, 7, 8, 9 and 10, assert the belief that the respondent is somehow in debt to him.[2] As such, petitioner is not attacking the execution of his sentence but is making claims based on delusion and clearly have no basis in law or fact. Because, these grounds are not challenging the fact or duration of his confinement, which is the

_____

[2] Petitioner has filed a previous petition for habeas relief pursuant to § 2241 in the Western District of Texas. Ali v. Bragg, 2008 WL 5683432 (W.D. Tex. Dec. 23, 2008). The Texas court dismissed that request on December 23, 2008 as frivolous. That court also noted that petitioner's request for habeas relief was "but another in a long series of frivolous pleadings filed in various federal courts throughout the United States." Id. at *3. The court also warned petitioner that "future attempts to file pleadings of a similar nature are likely to lead to the imposition of sanctions..." Id.

proper subject for a habeas petition filed pursuant to 28 U.S.C. § 2241, the petitioner cannot maintain this § 2241 habeas petition. See Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). ("Simply stated, habeas is not available to review questions unrelated to the cause of detention.")

Moreover, since these grounds lack an arguable basis in law or fact, this action is frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). When "[none] of the legal points [are] arguable on their merits" a complaint is without an arguable basis in law. Id. (quoting Anders v. California, 386 U.S. 738, 744 (1967)). Further, a claim lacks an arguable basis in fact when, as here, the grounds asserted are clearly delusional. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Even when given liberal construction, it is apparent that petitioner is asserting no grounds for which habeas or other relief can be granted.

## III. Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed with prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed with prejudice for this Court's lack of jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion and order will be entered. This the 30th day of November, 2009.


s/David Bramlette_____
UNITED STATES DISTRICT JUDGE